UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

ASHISH MUHURY, A# 58-997-099,

                         Petitioner,

                                                      **DECISION AND ORDER**
                                                         11-CV-539A
             v.

TODD TRYON et al.,

                         Respondents.

═══════════════════════════════════

## I.    INTRODUCTION

        On June 24, 2011, petitioner Ashish Muhury filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his

continued immigration detention.  In support of his petition, petitioner notes that

he has been in immigration custody for over a year now and that neither

respondents nor his native country of Bangladesh has given any indication that

the issuance of a travel document is reasonably foreseeable.  Respondents

counter that this case is only a few months beyond the presumptively reasonable

period of detention set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), that they

have asked Bangladesh for an expedited travel document, and that petitioner

would pose a danger to the community if released.

The Court has deemed the matter submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure.  For the reasons below, the Court denies the petition.

## II.    BACKGROUND

This case concerns petitioner's attempt to end his immigration detention while he awaits final removal to Bangladesh.  Petitioner is a native and citizen of Bangladesh who was admitted to the United States at New York City on or about July 4, 2007 as a lawful permanent resident.  On January 11, 2010, petitioner was convicted in the Criminal Court of the City of New York of Forcible Touching, a Class A misdemeanor under New York Penal Law § 130.52.  As a result of petitioner's conviction, respondents initiated removal proceedings against him on March 10, 2010.  Respondents charged petitioner under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A).[1]  Respondents further charged petitioner under 8 U.S.C.

---

[1] Although petitioner's conviction counts only as a misdemeanor under state law, 8 U.S.C. § 1101(a)(43)(A) includes any "sexual abuse of a minor" as an "aggravated felony" for purposes of immigration law.  *Cf. Ganzhi v. Holder*, 624 F.3d 23, 30 (2d Cir. 2010) (denying an immigration habeas petition where an alien's conviction for sexual misconduct constituted a Class A misdemeanor under state law but an "aggravated felony" under immigration law); *U.S. v. Pacheco*, 225 F.3d 148, 154 (2d Cir. 2000) ("[W]e note that nothing in the legislative history leads us to doubt our conclusion that a misdemeanor may, in some cases and consistent with legislative intent, fall within the INA's definition of 'aggravated felony.'").

§ 1227(a)(2)(A)(i) with being subject to removal from the United States as an alien who has been convicted of a crime of moral turpitude.  On August 17, 2010, an immigration judge ordered petitioner removed from the United States to Bangladesh, based on the charge related to a crime of moral turpitude.  The charge related to conviction for an aggravated felony was withdrawn.  Petitioner appealed the order of removal to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on December 21, 2010.  Petitioner appears not to have sought review of that dismissal before the United States Court of Appeals for the Second Circuit.  Respondents took petitioner into immigration custody on November 10, 2010 upon his release from state criminal custody.  Petitioner has been in continuous immigration custody since.

The chronology of events occurring after the dismissal of petitioner's appeal goes to the heart of petitioner's request for relief.  On December 29, 2010, respondents sent a presentation packet to the Consulate of Bangladesh requesting the issuance of a travel document.  Since then, respondents have maintained intermittent communication with the Consulate, which has indicated that a travel document is forthcoming pending verification of petitioner's identity.  Notably, the record indicates that on July 7, 2011, the Bangladesh Ambassador to the United States directed the Consulate to expedite the issuance of a travel document.  Meanwhile, respondents reviewed petitioner's file three times and

decided to keep him in custody.  On March 16, 2011, respondents issued a

decision to continue detention on the grounds that his criminal conviction would

make him a threat to the community if he were released.  On June 22, 2011,

respondents issued another decision to continue detention on the grounds that

the request for a travel document was pending and that removal was expected to

occur in the reasonably foreseeable future.  On August 29, 2011, respondents

issued a third decision to continue detention based on a file review and a

personal interview.  Respondents reiterated that they were working with the

government of Bangladesh to secure a travel document and that they expected

petitioner's removal to occur in the reasonably foreseeable future.

 In response to respondents' repeated decisions to continue his immigration

custody, petitioner filed his habeas corpus petition on June 24, 2011.  Petitioner

advances two arguments in support of his request for relief.  First, petitioner

argues that the six-month presumptively reasonable detention period discussed

in *Zadvydas* has passed and that the Consulate of Bangladesh has given no

indication that his removal is reasonably foreseeable.  Second, petitioner asserts

that respondents have continued to detain him simply because the Consulate of

Bangladesh has *not* indicated that a travel document is *not* forthcoming.  In this

sense, petitioner likens his situation to the situation in *Gumbs v. Heron*, No. 09-

CV-506, 2009 WL 2958002 (W.D.N.Y. Sept. 11, 2009) (Arcara, *C.J.*), in which

this Court conditionally granted a habeas petition and rejected "the implied basis

that the longer the detention lasted, the more imminent the issuance of the travel document would become." *Gumbs*, 2009 WL 2958002, at *2.  Respondents counter that there is a finding in petitioner's file that he would be a threat to the community if released.  Additionally, respondents assert that petitioner is only about six months outside of the presumptively reasonable period set forth in *Zadvydas*, that the presumptively reasonable period is not categorical in nature anyway, and that they have maintained communications with the Consulate of Bangladesh to ensure that a travel document is indeed forthcoming.

## III.   DISCUSSION

As a preliminary matter, the Court notes that it lacks jurisdiction to review petitioner's final order of removal in itself.  *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .").  Petitioner was ordered removed to Bangladesh on August 17, 2010.  This final order of removal, subsequently affirmed through an administrative appeal to the BIA, rests on petitioner's criminal conviction under Penal Law § 130.52.  Through that conviction, the Government has determined that petitioner is removable under 8 U.S.C. §§ 1227(a)(2)(A)(i).  The Court's lack of jurisdiction means that it will not review the substance of this determination.  Review of the pending petition thus will be limited to a review of petitioner's custody pending final removal.

The rules governing petitioner's removal process are straightforward. "Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "The removal period begins on . . . [t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Here, the parties do not contest that the BIA dismissed petitioner's administrative appeal on December 21, 2010. Petitioner had 30 days to seek judicial review of his order of removal, pursuant to 8 U.S.C. § 1252(b)(1). Since petitioner ultimately did not seek judicial review, his order of removal became administratively final as of January 21, 2011. At that point, respondents chose to invoke another statutory provision that governs detention after the removal period. "An alien ordered removed who is . . . removable under section . . . 1227(a)(2) . . . of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period . . . ." 8 U.S.C. § 1231(a)(6).

The question now is what, if anything, to do about a detention that has run about ten months since it became final. To avoid a theoretically limitless detention under 8 U.S.C. § 1231(a)(6), "we read an implicit limitation into the statute before us. In our view, the statute, read in light of the Constitution's

demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  The Supreme Court went on in *Zadvydas* to create a six-month presumptively reasonable period for detention, but that period "does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 701.  Here, the time has not yet arrived to decide that petitioner will not be removed in the reasonably foreseeable future.  Respondents have remained in regular communication with the Consulate of Bangladesh and have persuaded the Bangladesh Ambassador to request expedited processing of a travel document. *Cf. Cisse v. Baniek*, No. 4:11–cv–00242, 2011 WL 3799026, at *5–6  (S.D. Iowa August 5, 2011) ("ICE has stated under oath to the Court that the Embassy of Senegal routinely and regularly produces travel documents like the one sought here.  ICE has also repeatedly sought to obtain the documents in regular intervals.  Most recently, ICE has sought an expedited request for the documents.").  Only about five months have passed since that request, during which the Consulate of Bangladesh has acted to confirm petitioner's identity. Meanwhile, respondents have acted reasonably in extending petitioner's detention after deciding that an alien convicted of a sex offense would endanger

the community if released.  *Cf. Arthur v. Gonzales*, Nos. 07-CV-6158, 07-CV-6473, 2008 WL 4934065, at *15 (W.D.N.Y. Nov. 14, 2008) (Siragusa, *J.*) (citing a petitioner's criminal history as a basis to continue detention under 8 U.S.C. § 1231(a)(6)).  If the Consulate of Bangladesh confirms petitioner's identity and still does not act then the time may come when this Court will have to break a stalemate between it and respondents.  *Cf. Gumbs*, 2009 WL 2958002, at *3  ("The Court recognizes that consulate offices from nations willing to issue travel documents need time to prepare those documents, and that those offices have the right to set any timetables that they wish.  That is not the issue here. The issue here is that, under *Zadvydas*, the Government cannot exploit another nation's timetables to justify an indefinite detention.")  Under the current facts, though, taking any such action would be premature.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court denies the pending petition (Dkt. No. 1).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. U.S.*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of

Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules

of Appellate Procedure.

      The Clerk of the Court shall close this case.

      SO ORDERED.


                *s/ Richard J. Arcara*
                HONORABLE RICHARD J. ARCARA
                UNITED STATES DISTRICT JUDGE

DATED:December 2, 2011